# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WAWRZYCKI, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-370** |
| **JESSICA BALES, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] by plaintiffs Michael Wawrzycki and Lenore Tolcser (collectively, the "plaintiffs") to remand the above-captioned matter to Louisiana state court and for attorneys' fees, costs, and expenses incurred in connection with filing this motion, pursuant to 28 U.S.C. § 1447. For the following reasons, the motion is granted in part and denied in part.

## I.

This case arises out of a motor vehicle accident that injured plaintiffs on June 25, 2018.[2] Plaintiffs sued eleven defendants in the Civil District Court for the Parish of Orleans on June 17, 2019, alleging that the accident occurred as a result of the negligence of defendant Jessica Bales ("Bales") who was operating a motor vehicle with the consent and permission of its owners, Bales's parents, David and Anna Bales.[3]

By July 12, 2019, Anna Bales, David Bales, Acuity, Tricor, Inc. ("Tricor"), and Frontier Adjusters, Inc. ("Frontier") (collectively, the "Acuity defendants") had all

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 1, at 2 ¶ 2.
[3] R. Doc. No. 1-2, at 2–3 ¶¶ 3, 6.

been served with the petition for damages.[4] On August 23, 2019, the Acuity defendants removed the case to this Court on the basis of federal diversity jurisdiction.[5] Plaintiffs filed a motion[6] to remand on August 30, 2019, which this Court granted on October 4, 2019, on the basis that the Acuity defendants removed the case more than thirty days after receiving an "other paper" from which it could be first ascertained that the amount in controversy exceeded $75,000. *See Wawrzycki v. Bales*, No. 19-12278, 2019 WL 4894557, at *4 (E.D. La. Oct. 4, 2019) (Africk, J.).

Plaintiffs subsequently served defendant Julian Farley[7] ("Farley") on January 25, 2020.[8] Bales was served at 5:07 p.m. on January 31, 2020, according to United States Postal Service records.[9] Later that same day, at 9:51 p.m., Farley filed a notice of removal with the consent of "all earlier-served [d]efendants."[10] The signature block indicated that counsel for Farley was also counsel for the Acuity defendants.[11] The notice of removal did not indicate that counsel for Farley and the Acuity defendants also represented Bales or that Bales also consented to removal.

---

[4] *See* R. Doc. No. 1-2, at 25–26, 61.
[5] No. 2:19-cv-12278, R. Doc. No. 1, at 1.
[6] No. 2:19-cv-12278, R. Doc. No. 5.
[7] Farley was a passenger in the vehicle driven by Bales at the time of the collision. R. Doc. No. 1-2, at 2.
[8] R. Doc. No. 6.
[9] *Id.*; R. Doc. No. 11-5, at 1. Defendants do not dispute the accuracy of the United States Postal Service records. *See* R. Doc. No. 14, at 7.
[10] R. Doc. No. 1, at 3 ¶ 11. The Court confirmed, and defendants do not dispute, that the notice of removal was filed at 9:51 p.m. on January 31, 2020.
[11] *Id.* at 4.

Plaintiffs filed the instant motion to remand on March 2, 2020.[12] Defense counsel—on behalf of the Acuity defendants, Farley, *and* Bales—filed an opposition to the motion on March 10, 2020.[13] The opposition indicates that Bales "consents to and joins in" the notice of removal.[14] Plaintiffs filed a reply on March 16, 2020.[15]

**II.**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To remove a case from state to federal court, a defendant must file a notice of removal. 28 U.S.C. § 1446(a). Section 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the

---

[12] *See* R. Doc. No. 11. Plaintiffs had thirty days from the date that the notice of removal was filed to move for remand. *See* 28 U.S.C. § 1447(c). However, because the last day of the thirty-day period would have fallen on a Sunday, plaintiffs had until the next business day, Monday, March 2, 2020, to file their motion to remand. *See* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, plaintiffs' motion to remand was timely.
[13] R. Doc. No. 14.
[14] *Id.* at 8.
[15] R. Doc. No. 21.

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." In a multi-defendant case, each defendant has thirty days "after receipt by or service on that defendant of the initial pleading or summons" to file the notice of removal. § 1446(b)(2)(B). This is known as the "last-served defendant rule." *See Clark v. L. Walther & Sons of Georgia*, No. 19-11411, 2019 WL 4565498, at *1 n.3 (E.D. La. Sept. 20, 2019) (Feldman, J.).

"When a civil action is removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). The failure to obtain the consent of all defendants properly joined and served in the state action renders the notice of removal defective and requires remand. *See In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (internal quotation marks and citation omitted). A later-served defendant—that is, a defendant who is served after the notice of removal is filed—need not affirmatively consent to removal. *Smith v. Gholia Bros Trucking, LLC*, No. 19-0204, 2019 WL 5616928, at *5 (W.D. La. May 1, 2019), *report and recommendation adopted*, No. 19-0204, 2019 WL 5616734 (W.D. La. July 8, 2019) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). However, such a defendant may move to remand the case upon being served. *Id.*; *see* 28 U.S.C. § 1448.

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse and the amount in controversy exceeds $75,000.[16]

## III.

Plaintiffs argue that the case must be remanded for two reasons: first, Farley's notice of removal is untimely[17]; and second, Farley's notice of removal is defective because not all then-served[18] defendants, that is, all defendants who had been served at the time Farley filed his notice of removal, timely consented to removal.[19]

### A. Timeliness of Farley's Notice of Removal

Plaintiffs argue that Farley's notice of removal is defective because it was not filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" pursuant to 28 U.S.C. § 1446(b)(1).[20]

---

[16] R. Doc. No. 1, at 2–3 ¶¶ 9–10.
[17] R. Doc. No. 11-1, at 5.
[18] Plaintiffs served defendant Morgan Sanfleben ("Sanfleben"), another passenger in the vehicle during the collision, on February 21, 2020, after Farley filed the notice of removal. *See* R. Doc. No. 10, at 2 ¶ 11. Plaintiffs do not contend that Sanfleben's affirmative consent to removal was required.
[19] *Id.* at 7. Plaintiffs also argue that Farley's notice of removal is defective because he removed the suit on the same grounds for which it was previously remanded. *Id.* at 6. Such an argument is meritless, however, because as mentioned previously, the Court granted plaintiffs' first motion to remand on the basis that the Acuity defendants failed to remove the action within thirty days after receiving an "other paper" from which it could be ascertained that the case was removable, whereas now, plaintiffs seek remand on the basis that Farley's notice of removal was untimely or otherwise defective because it lacked the consent of all then-served defendants. *Compare Wawrzycki*, 2019 WL 4894557, at *4, *with* R. Doc. No. 11-1, at 5, 7.
[20] R. Doc. No. 11-1, at 5–6.

5

Plaintiffs contend that because Farley has the same counsel as the Acuity defendants and the Acuity defendants were served several months before Farley was served, Farley had "constructive receipt" of the petition and notice of the grounds for removal "much longer than thirty days before the Notice of Removal was filed."[21] Plaintiffs assert that formal service was not required to trigger Farley's thirty-day window to remove the case.[22] Plaintiffs reason that receipt of the summons and petition by defense counsel triggered Farley's removal period because district courts have held that acceptance of service by an attorney on a defendant's behalf may commence the removal period.[23]

"[A] defendant's right to removal runs from the date on which it is formally served with process." *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). "A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum." *Id.* (citation omitted). "Only after a party is subject to the powers of a court, must it seek to effect removal." *Id.*

Plaintiffs' argument is clearly foreclosed by Fifth Circuit precedent. Farley's thirty-day period to remove the action pursuant to § 1446(b)(2)(B) did not begin to run until he was formally served on January 25, 2020. Farley filed his notice of removal on January 31, 2020, well within thirty days of being served. In each of the

---

[21] *Id.*
[22] *Id.*
[23] *Id.* at 6; R. Doc. No. 21, at 1–3.

6

cases cited by plaintiffs, the attorney accepted service on behalf of a *specific* defendant, which triggered that *specific* defendant's removal period.[24] In none of the cases did the court hold that an attorney's receipt of the petition and summons as a result of service on a *different* defendant triggers another defendant's removal period.[25] Accordingly, Farley's notice of removal was timely.

### B. Consent of All Then-Served Defendants

#### *i.*

Plaintiffs next argue that Farley's notice of removal is defective because Bales, who was served approximately 4.5 hours prior to the time Farley filed his notice of removal, did not join in or consent to such removal within thirty days of being served.[26] Plaintiffs assert that because defendants did not indicate that Bales consented to removal until March 10, 2020, more than thirty days after she was served on January 31, 2020, Farley's notice of removal is defective and the Court must remand the case.[27]

Defendants contend that because Bales was served just hours before Farley filed his notice of removal, and Farley did not have actual or constructive notice that Bales had been served, he was not required to obtain Bales's consent before he removed the case.[28] Defendants do not directly respond to plaintiffs' assertion that Bales's consent to removal on March 10, 2020 was untimely, but they reiterate that

---

[24] *See* R. Doc. No. 11-1, at 6 n.30; R. Doc. No. 21, at 2 n.5.
[25] *See* R. Doc. No. 11-1, at 6 n.30; R. Doc. No. 21, at 2 n.5.
[26] R. Doc. No. 11-1, at 7; R. Doc. No. 21, at 4–6.
[27] R. Doc. No. 21, at 4–6.
[28] R. Doc. No. 14, at 7–8.

Bales consents to the removal and that Bales joins in the opposition to plaintiffs' motion to remand.[29]

Defendants rely on *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992), which held that "only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served" must join in or consent to the removal petition.[30] In *Milstead*, the removing defendant filed his notice of removal exactly thirty days after being served. *Id.* at 570. Unbeknownst to the removing defendant, the return of service for another defendant was filed into the record three hours prior to the filing of the notice of removal. *Id.* at 570, 572–73. The court held that because the removing defendant was reasonably diligent in attempting to ascertain whether any other defendants had been served by consulting the state court record shortly before filing, such exceptional circumstances justified the removing defendant's failure to obtain the earlier-served defendant's consent. *Id.* at 573–74.

Defendants argue that, like the removing defendant in *Milstead*, Farley filed his notice of removal just a few hours after Bales was served and, therefore, his failure to obtain Bales's consent should be excused. However, *Milstead* is not persuasive authority because it was decided when the Fifth Circuit still followed the first-served defendant rule. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 displaced the first-served defendant rule in favor of the last-served defendant rule.

---

[29] *Id.* at 8.
[30] *Id.* at 7.

8

*See* Pub. L. No. 112-63, 125 Stat. 758; *Clark*, 2019 WL 4565498, at *1 n.3; *see also Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17-5568, 2017 WL 4423409, at *5 (N.D. Ill. Oct. 4, 2017) (reasoning that the circumstances justifying the exception to § 1446 in *Milstead* are not present when the first-served defendant rule does not apply).

### ii.

The parties agree that plaintiffs served Bales on January 31, 2020, about 4.5 hours before Farley filed his notice of removal, but that Bales did not join in or consent to Farley's notice of removal within thirty days of being served. Thus, the Court must determine whether Farley's failure to obtain Bales's timely consent is fatal to his notice of removal.

District courts confronted with this same issue since the last-served defendant rule went into effect have held that a removing defendant's failure to obtain the consent of an earlier-served defendant does not automatically render the notice of removal defective. However, any earlier-served defendant must join in or consent to the notice of removal within thirty days of being served, pursuant to § 1446(b)(2). *See, e.g., Ahmed v. ASI Lloyds*, No. 17-00336, 2017 WL 9401067, at *2 (W.D. Tex. July 7, 2017), *report and recommendation adopted,* No. 17-336, 2017 WL 9403301 (W.D. Tex. Aug. 30, 2017) ("All then-served defendants who do not join in the removal petition must file written indication of their consent within the removal period.") (citation omitted); *Compassionate Pain Mgmt.*, 2017 WL 4423409, at *3 ("The defendant seeking removal must secure consent to removal from all of the other properly joined

9

and served defendants within the thirty-day period removal is permitted."). Such an interpretation of the removal statue is consistent with Fifth Circuit precedent directing district courts to resolve "any doubt as to the propriety of removal . . . in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation marks and citation omitted).

In *Muhammad v. Jones*, the district court held that the notice of removal was not defective even though the removing defendants failed to obtain the consent of two earlier-served defendants prior to filing the notice of removal. No. 15-284, 2015 WL 7575021, at *5 (N.D. Fla. Nov. 3, 2015), *report and recommendation adopted*, 2015 WL 7575931 (N.D. Fla. Nov. 25, 2015). The returns of service for the earlier-served defendants were not docketed until the day after the notice of removal was filed and, therefore, the removing defendants could not have been expected to know that the other defendants had been served. *Id.* at *6. The removing defendants promptly cured the defect by filing the earlier-served defendants' consent to removal once the returns of service were docketed, well within thirty days of service on the earlier-served defendants. *Id.*

In *Snap Court, L.L.C. v. Indus. Envtl. Mgmt., LLC*, the district court held that the removing defendant's failure to obtain the consent of earlier-served defendants within thirty days of service upon the earlier-served defendants rendered the notice of removal defective. No. 12-908, 2013 WL 1367046, at *2 (D. Utah Apr. 4, 2013). Two defendants were served six days prior to removal, but their returns of service were not docketed until one week after removal. *Id.* at *3. Unlike the removing defendants

in *Muhammad*, the removing defendant in *Snap Court* did not obtain the consent of the earlier-served defendants until after the earlier-served defendants' thirty-day removal periods had expired. *Id.* The court reasoned that the failure to timely obtain the earlier-served defendants' consent was inexcusable, as the removing defendant was made aware that the two defendants had been served prior to removal with more than two weeks remaining in their thirty-day windows to consent. *Id.*

A district court may excuse a removing defendant's failure to obtain the timely consent of all served defendants, but only in exceptional circumstances. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (citing *Getty Oil,* 841 F.2d at 1263 n.12). In *Watson v. Watson*, the plaintiff served three defendants but only filed proofs of service for two defendants, one of which was the removing defendant. No. 13-137, 2013 WL 5230651, at *7 (E.D. Tex. Sept. 17, 2013). The removing defendant, having consulted the state court record, filed a notice of removal with the consent of the other defendant for which a proof of service had been filed. *Id.* After the case was removed and over a month after serving the third defendant, the plaintiff filed in state court, but not federal court, an affidavit of service for the third defendant. *Id.* at *1. By the time counsel for the removing defendant learned that the third defendant had been served prior to removal, the earlier-served defendant's window to consent had expired. *Id.* at *3. The court excused the removing defendant's failure to obtain the timely consent of all served defendants, because such failure was a result of the plaintiff's delay in filing the proof of service for the earlier-served defendant. *Id.* at *7.

### *iii.*

Bales was served on January 31, 2020 and thus Farley had until March 2, 2020 to obtain Bales's consent to the notice of removal.[31] *See* 28 U.S.C. § 1446(b)(2)(B). Although Farley was unaware that Bales had been served when he filed the notice of removal, he was still obligated to obtain Bales's consent once he learned that she had been served prior to removal. *See Muhammad*, 2015 WL 7575021, at *5–*6; *Snap Court*, 2013 WL 1367046, at *2–*3.

Defense counsel, who represents both Farley and Bales as well as the Acuity defendants, knew or should have known that Bales had been served on January 31, 2020, when plaintiffs filed an affidavit of service for Bales into this Court's record on February 7, 2020.[32] Defense counsel had from February 7, 2020 to March 2, 2020 to determine what time Bales was served on January 31, 2020 and, specifically, whether she was served before the notice of removal was filed. Defense counsel could have foregone any such investigation into the exact time Bales was served and, instead, as a precautionary measure, consented to removal on Bales's behalf. Defense counsel did not do so, and instead waited until March 10, 2020 to indicate that Bales joined in and consented to removal, eight days after her window to consent had expired.[33]

---

[31] The last day of Bales's removal period would have fallen on Sunday, March 1, 2020. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), Bales's removal period was extended until Monday, March 2, 2020.

[32] *See* R. Doc. No. 6. Defense counsel confirmed that he knew as much when he filed an answer on behalf of Farley and Bales on February 14, 2020. *See* R. Doc. No. 8. The answer did not indicate that Bales joined in or consented to Farley's notice of removal, and the mere filing of an answer cannot serve as consent to removal. *See Ahmed*, 2017 WL 9401067, at *2.

[33] *See* R. Doc. No. 14.

Defendants present no exceptional circumstances that would justify Bales's failure to timely consent. Plaintiffs filed an affidavit of service for Bales one week after she was served, which provided defense counsel with over three weeks remaining in Bales's removal period to consent on her behalf. *Cf. Watson*, 2013 WL 5230651, at *7. Accordingly, Farley's failure to obtain Bales's timely consent renders the notice of removal defective, and the Court must remand the case to state court. *See In re Beazley*, 2009 WL 7361370, at *4.

## IV.

Plaintiffs also seek attorneys' fees, costs, and expenses pursuant to § 1447(c).[34] Such an award is within the discretion of the court. *Lee v. Advanced Fresh Concepts Corp.*, 76 F. App'x 523, 524 (5th Cir. 2003). "A court should not award fees when 'the defendant had objectively reasonable grounds to believe the removal was legally proper' at the time of removal." *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). The Court exercises its discretion and declines to award attorneys' fees, costs, and expenses.

## V.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED** in part as to the remand and **DENIED** in part as to the award of attorneys' fees, costs, and expenses. The above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[34] R. Doc. No. 11-1, at 9; R. Doc. No. 21, at 7.

New Orleans, Louisiana, March 31, 2020.

                                                 **LANCE M. AFRICK**
                                      **UNITED STATES DISTRICT JUDGE**